IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THOMAS ASH, ANNETTE ASH, ANDREW ASH, and LUCAS ASH, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  Case No. 2:20-cv-04224-MDH |
| ALL-IOWA CONTRACTING COMPANY, RICHARD REFSHAUGE and GENERAL CASUALTY COMPANY OF WISCONSIN, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Before the Court are Defendant General Casualty's Motion to Realign the All-Iowa Defendants for Purposes of Consent to Removal (Doc. 2); Plaintiffs' Motion to Remand (Doc. 20); and General Casualty's Motion to Dismiss All-Iowa Defendants' Crossclaim (Doc. 26).

This case originated from injuries and damages Plaintiffs sustained in a motor vehicle collision and Plaintiffs' judgment against All-Iowa Contracting Company and Richard Refshauge for damages arising from the collision. General Casualty provided liability insurance coverage for All Iowa and Refshauge at the time of the collision.

General Casualty filed a declaratory judgment action in this court, Case No. 6:19-cv-03442-MDH, stating it was not a party to any underlying state court action and seeking a declaration that it has no obligation toward the Ash "defendants" under the policies issued to All-Iowa with regard to an accident in which the Ash defendants were involved.[1] The Ash defendants

---

[1] The Court will issue a separate order in Case No. 6:19-cv-03442-MDH on the pending motion to dismiss.

1

have moved to dismiss the declaratory judgment case stating General Casualty is now a party to the underlying state court case.

Further, not only is General Casualty now a party to the underlying state court case, after the state court granted Plaintiffs leave to file a third amended petition adding General Casualty as a defendant, General Casualty has now removed that specific case to this Court in the present action. Plaintiffs now move to remand this case arguing defendants All Iowa and Refshauge did not join in, nor consent, to the removal. It appears in anticipation of the motion to remand General Casualty moved the Court to realign the parties arguing that the predominate purpose of this litigation is for equitable garnishment of insurance proceeds issued to the All-Iowa defendants and therefore the interests of All-Iowa and Refshauge are properly aligned with Plaintiffs.

## BACKGROUND

The Third Amended Petition for Equitable Garnishment (Doc. 3-1) was filed in the Circuit Court of Camden County, Missouri on October 8, 2020.[2] Plaintiffs filed the petition for equitable garnishment pursuant to Missouri Revised Statute § 379.200 against defendants General Casualty, All-Iowa, Richard Refshauge, and John Curran. Plaintiffs are individuals and residents of the State of Missouri and were involved in a car wreck in 2009.

General Casualty provided insurance coverage to All-Iowa and Refshauge through at least two policies of insurance. Plaintiffs allege the policies were in full force and effect when Plaintiffs sustained injuries which led to the filing of the underlying lawsuit against All-Iowa and Refshauge and the entry of a judgment in their favor. Plaintiffs' Third Amended Petition brings claims, in equity, pursuant to § 379.200 against the Defendants, including General Casualty, to reach and apply insurance money to the satisfaction of the Judgment and post-judgment interest.

---

[2] The background facts are taken from the Third Amended Petition – Doc. 3-1.

Plaintiffs seek coverage for their judgments obtained against defendants Refshauge and All-Iowa, plus post-judgment interest. Plaintiffs allege that monies were paid into the Circuit Court of Johnson County, Missouri, and most likely transferred to Camden County, arising out of the underlying motor vehicle collision. The Third Amended Petition seeks resolution of the distribution and finalization of the allocation of monies, including potential insurance coverage and potential interests for damages that have either been awarded or actually paid as a result of injuries arising from the motor vehicle collision. As previously stated, General Casualty removed the Third Amended Petition once it was added as a party. The other defendants, All-Iowa and Refshauge, did not consent to removal and have filed a declaration of non-consent to removal. Doc. 19. All Iowa and Refshauge specifically state they did not consent to removal and object to the removal.

## REALIGNMENT

To begin, General Casualty moves the Court to realign the parties so that consent of the Defendants named in the state court action is not required for removal. The parties do not dispute that the state court action seeks equitable garnishment of insurance proceeds under General Casualty's insurance policy issued to the All-Iowa Defendants. General Casualty argues that the All-Iowa defendants are aligned with the Ash plaintiffs in seeking to apply the General Casualty policy to the Ash claims and that All-Iowa has stated a cross-claim against General Casualty alleging bad faith in settling the wrongful death claims, and failure to provide additional defense and indemnification. In addition, General Casualty argues Kory Stubblefield is counsel for the All-Iowa defendants and previously entered his appearance for Plaintiffs on a deposition notice in underlying litigation but has since withdrawn his representation in September 2018.

3

"The question of realignment, involving jurisdiction, must be tested at the time of filing of the complaint." *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 871 (8th Cir. 1966). "Although federal courts must look beyond the pleadings and arrange the parties according to their sides in the dispute, later events do not deprive a court of jurisdiction over parties who were properly aligned in the first instance." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

Here, the Court looks to the Third Amended Petition as to whether at the time of filing the parties were properly aligned. Missouri Revised Statute § 379.200 states:

> Upon the recovery of a final judgment against any person ... for loss or damage on account of bodily injury or death ... if the defendant in such action was insured ... the judgment creditor shall be entitled to have the insurance money ... applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

Many Missouri federal courts have declined to realign the parties based on the arguments presented by General Casualty. See e.g., *Roughton v. State Farm Fire & Cas. Co.*, No. 20-CV-00238-W-SRB, 2020 WL 4283921, at *2 (W.D. Mo. July 27, 2020) (finding that the statute required plaintiff to proceed against the judgment debtors and therefore they are necessary parties) (internal citations omitted); *Bulen v. Kudchiwala*, No. 4:15-CV-00488-SRB, 2015 WL 5023457, at *2 (W.D. Mo. Aug. 21, 2015); and *Hart v. Knockerball MidMo, LLC*, No. 2:17-CV-04182-NKL, 2017 WL 6209235, at *3 (W.D. Mo. Dec. 8, 2017) (stating that "a number of Missouri federal district courts have also taken up the issue, and each declined to realign the parties") (citing *Goree v. PV Holding Corp.*, No. 4:15-CV-202 CEJ, 2015 WL 2238960, at *3 (E.D. Mo. May 12, 2015); *Webster v. Mair*, No. 4:15 CV 430 RWS, 2015 WL 1886640, at *2 (E.D. Mo. Apr. 24, 2015); *Kendall v. N. Assur. Co. of Am.*, No. 09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009);

4

*Haines v. Sentinel Ins. Co.,* No. 08-00981-CV-W-FJG, 2009 WL 648894, at *3 (W.D. Mo. Mar. 11, 2009); and *Cincinnati Ins. Co. v. R & L Siding, Inc*., No. 01-04091-CV-C-NKL, 2002 U.S. Dist. LEXIS 29357 (W.D. Mo. June 21, 2002)).  Further, the Eighth Circuit has stated, with regard to Missouri Revised Statute § 379.200, that "[b]ecause the insurer is entitled … to assert any defenses it has against the insured, the Missouri legislature had good reason to require that the judgment debtor be joined in the statutory action, even if that action does not expose the judgment debtor to any risk of additional liability."  *Glover v. State Farm Fire & Cas. Co*., 984 F.2d 259, 261 (8th Cir. 1993) (affirming the district court's dismissal of declaratory judgment action holding that the suit in equity must proceed in state court under Missouri Revised Statute § 379.200).

Here, the Court finds Plaintiffs properly pled their Third Amended Petition pursuant to the Missouri Revised Statute and that the state statute specifically directs Plaintiffs to proceed against the defendants and the insurance company in pursuing their equitable garnishment claims.  The Court finds no reason to realign the parties as the Third Amended Petition was properly pled pursuant to the statute.  The presence of the cross claim for bad faith does not persuade the Court that the parties must be realigned in the equitable garnishment action. See e.g., *Price v. Young Am. Ins*. Co., No. 20-00149-CV-W-HFS, 2020 WL 4470443, at *2 (W.D. Mo. Aug. 4, 2020) (internal citations omitted).  As such, the Court **DENIES** General Casualty's Motion to Realign.  (Doc. 2).

## REMAND

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b).  A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.,*

5

citing *Junk v. Terminix Int'l* Co., 628 F.3d 439, 446 (8th Cir. 2010).  If a civil action is removed under § 1441(a) then all defendants must join in or consent to the removal of the case to federal court.  18 U.S.C. § 1446(b)(2)(a); *Christiansen v. W. Branch Cmty. Sch. Dist*., 674 F.3d 927, 932 (8th Cir. 2012) ("Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service.").   If one defendant fails to consent to the removal then the removal is rendered defective.  *Pritchett v. Cottrell, Inc.,* 512 F.3d 1057, 1062 (8th Cir. 2008).

Here, General Casualty's removal does not comply with 28 U.S.C. § 1446(b) as it does not have the consent of its co-defendants.  See e.g., *Price v. Young Am. Ins*. Co., No. 20-00149-CV-W-HFS, 2020 WL 4470443, at *2 (W.D. Mo. Aug. 4, 2020) (internal citations omitted).  As a result, the removal is found to be defective and the Court orders the case remanded back to Camden County, Missouri.

## CONCLUSION

For the reason stated herein, General Casualty's Motion to Realign the Parties for Purposes of Consent to Removal is **DENIED** and Plaintiffs' Motion to Remand is **GRANTED.**  Further, because the Court grants the Motion to Remand, General Casualty's Motion to Dismiss All-Iowa Defendants' Crossclaim is denied as moot.

**IT IS SO ORDERED.**

DATED:  January 6, 2021

    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

6

Case 2:20-cv-04224-MDH   Document 34   Filed 01/06/21   Page 6 of 6